CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
BEZON SHIPPING LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BEZON SHIPPING LTD.,

                     Plaintiff,

        v.

INTERNATIONAL OIL OVERSEAS INC.,
also known as IOOI,
TARAZONA SHIPPING CO., S A,
QUOIN ISLAND MARINE WL,
GRESHAM WORLD SHIPPING, and
BAKRI TRADING COMPANY INC.,

                  Defendants.
-------------------------------------------------------------------X

RECEIVED
JAN 18 2008
U.S.D.C. S.D.N.Y.
07 CV 11363 (SHS)

**FIRST AMENDED**
**VERIFIED COMPLAINT**

      Plaintiff BEZON SHIPPING LTD., (hereinafter "BEZON") by its attorneys,

Chalos, O'Connor & Duffy, as and for its First Amended Verified Complaint against the

Defendants, INTERNATIONAL OIL OVERSEAS INC., also known as IOOI

(hereinafter "IOOI"), TARAZONA SHIPPING CO., S A (hereinafter "TARAZONA"),

QUOIN ISLAND MARINE WK (hereinafter "QUOIN"), GRESHAM WORLD

SHIPPING (hereinafter "GRESHAM") and BAKRI TRADING COMPANY, INC.

(hereinafter "BAKRI") alleges upon information and belief as follows:

JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

THE PARTIES

2.    At all times material hereto, Plaintiff BEZON was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia with an address at 80 Broad Street, Monrovia, Liberia.

3.    The plaintiff BEZON is the owner of the vessel M/T ADRIATIC SEA, and the primary business of BEZON is to charter the M/T ADRIATIC SEA to others for the carriage of cargo, including oil, in exchange for payments of hire or freight.

4.    At all times material hereto, defendant IOOI was and still is a foreign business entity duly organized and existing pursuant to the laws of a Panama, but it maintains an office and principal place of business in Jeddah, Saudi Arabia at Al-Maadi Street, corner of Al-Andalus Street, Jeddah 21424, P.O. Box 14437, Saudi Arabia.

5.    The defendant IOOI is engaged in the business of transporting cargoes of oil by ocean vessel, and it is the off-shore registered ship charterer and operator for the defendant BAKRI.

6.    At all times material hereto, defendant TARAZONA was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an address at Al-Maadi Street, corner Al-Andulas Street, P.O. Box No. 3757, Jeddah, Saudi Arabia, 21481.

7.      The defendant TARAZONA is engaged in the business of transporting cargoes of oil by ocean vessel.

8.      At all material times hereto, defendant QUOIN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an address at Al-Maadi Street, corner of Andula Street, P.O. Box No. 3757, Jeddah, Saudi Arabia, 21481.

9.      The defendant QUOIN is engaged in the business of transporting cargoes of oil by ocean vessel.

10.     At all material times hereto, defendant GRESHAM was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an address at Al-Maadi Street, corner of Andula Street, P.O. Box No. 3757, Jeddah, Saudi Arabia, 21481.

11.     The defendant GRESHAM is engaged in the business of transporting cargoes of oil by ocean vessel.

12.     At all material times hereto, defendant BAKRI was and still is a limited liability company organized and existing pursuant to the laws of Saudi Arabia with an office and principal place of business in the Al Bakri Building, Al-Maadi Street, corner of Andulas Street, P.O. Box No. 3757, Jeddah, Saudi Arabia, 21481.

13.     The defendant BAKRI is engaged in business as a trader, charterer and supplier of oil cargoes particularly in relation to crude oil and refined oil products, such as, fuel oil, gas oil, diesel oil, naphtha, kerosene and jet oil.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

14.     On May 10, 2007, plaintiff BEZON, as owner of the ocean-going vessel M/T ADRIATIC SEA, entered into a time charter party contract with defendant IOOI, as charterer, whereby defendant IOOI hired the M/T ADRIATIC SEA to carry a cargo of oil.

15.     The charter party contract between plaintiff BEZON and defendant IOOI is a maritime contract.

16.     The main terms of the maritime contract were set forth in a recap fixture for the charter of the vessel as evidenced by an exchange of emails between the parties on May 11, 2007 through chartering broker R.S. Platou Asia.

17.     The fixture recap email also attached a Shell Time 4 charter party form and additional terms of the maritime contract which were specifically referenced in the recap fixture as the additional and incorporated terms of the charter party between plaintiff BEZON and defendant IOOI.

18.     Under Clause 37 of the additional terms of the maritime contract entitled "WAR RISKS" any additional war risk premium was to be paid for by the charterer, defendant IOOI.

19.     However, despite due demand made on December 7, 2007, defendant IOOI has failed to pay US $53,005.54, which is still due and owing as per the terms of the maritime contract and its "WAR RISKS" clause.

20.     As such, defendant IOOI has failed to pay US $53,005.54 which it owes to plaintiff BEZON under the terms of the maritime contract dated May 10, 2007.

21.     Because defendant IOOI has failed to pay amounts due and owing under the charter party between plaintiff BEZON and defendant IOOI, it is in breach of the charter party maritime contract.

22.     The maritime contract charter party between the plaintiff BEZON and defendant IOOI, in the Shell Time 4 form at clause 41, provides that any disputes arising out of the maritime contract may, at either party's option, be referred to arbitration in London with English law to apply.

23.     Clause 41 of the Shell Time 4 form specifically states that the election of London arbitration by either party is without prejudice to any party's right to arrest or maintain the arrest of any maritime property.

24.     On December 18, 2007, plaintiff BEZON commenced arbitration against IOOI for its failure to pay the US $53,005.54 that it is obliged to pay under its agreement in the charter party dated May 10, 2007.

25.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

26.     As best as can now be estimated, the plaintiff BEZON expects to recover the following amounts in London arbitration from defendant IOOI:

| | | |
|---|---|---|
| A. | Principal claim | $ 53,005.54 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 14,218.30 |
| C. | Estimated attorneys' fees: | $ 25,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 10,000.00 |
| **Total** | | **$102,223.84** |

## AS AND FOR A CAUSE OF ALTER-EGO LIABILITY
## AGAINST DEFENDANTS TARAZONA, QUOIN, GRESHAM and BAKRI

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" of the Verified Complaint as though set forth at length herein.

28.     At all material times, there existed such unity of ownership and interest between Defendant IOOI and Defendants TARAZONA, QUOIN, GRESHAM and BAKRI that no separation existed between them and the corporate form of Defendant IOOI has been disregarded such that Defendant IOOI primarily transacted the business of Defendants TARAZONA, QUOIN, GRESHAM and BAKRI, or *vice versa*, and, therefore, they are the alter egos of each other with respect to the charter of the M/T ADRIATIC SEA.

29.     At all material times, Defendant IOOI and Defendants TARAZONA, QUOIN, GRESHAM and BAKRI have or had overlapping ownership, partners, management, personnel and purposes such that Defendant IOOI and Defendants TARAZONA, QUOIN, GRESHAM and BAKRI did not and do not operate at arms length.

30.     IOOI is an affiliate company of BAKRI, and it frequently acts as BAKRI's chartering arm, and it is often nominated as a counter party to support the trades conducted by defendant BAKRI.

31.     All of the Defendants, including IOOI, are nominally owned and controlled by members of the Al Bakri family of Saudi Arabia and all of the Defendants,

including IOOI, are operated, controlled and managed as a single economic enterprise known as the "BAKRI GROUP."

32.     The address used by the putative defendant IOOI, i.e. Al-Maadi Street, corner of Andulas Street, P.O. Box 3757, Jeddah, 21481, Saudi Arabia (with facsimile number + 966 2 651 2908) is also known as the "Al Bakri Building", and it is used by a variety a Bakri prefixed companies, including alter ego defendant BAKRI, as well as the other alter ego defendants TARAZONA, QUOIN and GRESHAM.

33.     At all material times, Defendant IOOI chartered the M/T ADRIATIC SEA in the name of Defendants TARAZONA, QUOIN, GRESHAM and BAKRI such that Defendants TARAZONA, QUOIN, GRESHAM or BAKRI was the charterer of the M/T ADRIATIC SEA and, therefore, they are liable for sums due under the charter party dated October 5, 2007.

34      At all material times, there has been an intermingling of funds between Defendant IOOI and Defendants TARAZONA, QUOIN, GRESHAM and BAKRI with respect to the charter of the M/T ADRIATIC SEA.

35.     On August 13, 2007, the alter ego Defendant TARAZONA made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $845,032.48 to satisfy the contractual obligations of its alter ego IOOI under the charter party in circumstances where TARAZONA was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

36.     On September 6, 2007, the alter ego Defendant TARAZONA made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $1,019,692.74 to satisfy the contractual obligations of its alter

ego IOOI under the charter party in circumstances where TARAZONA was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

37.    On October 10, 2007, the alter ego Defendant TARAZONA made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $725,170.71 to satisfy the contractual obligations of its alter ego IOOI under the charter in circumstances where TARAZONA was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

38.    On May 29, 2007, the alter ego Defendant QUOIN made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $1,105,460.88 to satisfy the contractual obligations of its alter ego IOOI under the charter party in circumstances where QUOIN was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

39.    On June 6, 2007, the alter ego Defendant GRESHAM made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $977,455.00 to satisfy the contractual obligations of its alter ego IOOI in circumstances where GRESHAM was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

40.    On July 5, 2007, the alter ego Defendant BAKRI made a hire payment on behalf of IOOI in respect of the M/T ADRIATIC SEA in the not insignificant sum of US $1,017,653.12 to satisfy the contractual obligations of its alter ego IOOI in circumstances where BAKRI was not contractually obligated to make the payment regarding the M/T ADRIATIC SEA.

41.     The Defendant IOOI uses the alter ego Defendants TARAZONA, QUOIN, GRESHAM or BAKRI as a "paying or receiving agent" or "pass through" entity in disregard of corporate formalities in an attempt to insulate its funds from lawful creditors such as Plaintiff BEZON.

42.     It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent entities.

43.     The significant payments made by Defendants TARAZONA, QUOIN, GRESHAM and BAKRI on behalf of Defendant IOOI is indicative of the fact that the entities do not operate at arms length and funds are commingled between them.

44.     At all material times, Defendants TARAZONA, QUOIN, GRESHAM and BAKRI have dominated, controlled and used the Defendant IOOI for its own purposes such that there is no meaningful difference between the entities, or *vice versa*.

45.     At all material times, Defendants TARAZONA, QUOIN, GRESHAM and BAKRI have disregarded the corporate form of Defendant IOOI to the extent that Defendants TARAZONA, QUOIN, GRESHAM and BAKRI were actually carrying on the business and operations of IOOI as if the same were its own, or *vice versa*.

46.     There are reasonable grounds to conclude that the Defendants TARAZONA, QUOIN, GRESHAM and BAKRI are the alter ego of Defendant IOOI or *vice versa* and, therefore, Plaintiff BEZON has a valid prima facie *in personam* claim against Defendants TARAZONA, QUOIN, GRESHAM and BAKRI based upon alter ego liability.

47.     Additionally, and/or alternatively, the Defendant IOOI utilizes the Defendants TARAZONA, QUOIN, GRESHAM and BAKRI to transfer funds through, to and from the Southern District of New York on its behalf or *vice versa* in an attempt to evade Process of Maritime Attachment and, therefore, such parties are liable to the plaintiff as agents, partners or joint venturers of the Defendant IOOI.

48.     As best as can now be estimated, the Plaintiff BEZON asserts a maritime claim against the Defendants TARAZONA, QUOIN, GRESHAM and BAKRI for the following amounts:

| | | |
|---|---|---|
| A. | Principal claim | $ 53,005.54 |
| B. | Estimated interest on claims:<br>3 years at 8%, compounded quarterly | $ 14,218.30 |
| C. | Estimated attorneys' fees: | $ 25,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 10,000.00 |
| **Total** | | **$102,223.84** |

PRAYER FOR RELIEF

49.     Notwithstanding the fact that the liability of the putative defendant IOOI is subject to determination by arbitration in London, and the alter ego liability of the remaining defendants may be subject to determination in either London or here in New York, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendants within this District and held by various parties, as garnishees.

10

50.     Plaintiff BEZON believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners in U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

51.     As set forth in the accompanying affidavit of Owen F. Duffy, none of the defendants can be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

52.     Because this First Amended Verified Complaint sets forth an *in personam* maritime claim against the defendants and because the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendants and/or *quasi in rem* jurisdiction over the property of the defendants, in the event that the defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

53.     In addition to an attachment in the full amount of the claim as set forth above, plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

11

WHEREFORE, Plaintiff prays as follows:

A.      That the defendants be summoned to appear and answer this First
Amended Verified Complaint;

B.      That the defendants not being found within this District, as set forth in the
Affidavit of Owen F. Duffy, then all of their assets, accounts, freights, monies, charter
hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and
the like belonging to or claimed by the defendants within this District up to the amount
sued for herein be attached pursuant to Supplemental Rule B and to pay plaintiff's
damages;

C.      That this Court retain jurisdiction over this matter through the entry of a
judgment either by this Court, and/or the London arbitration panel, so that judgment may
be entered in favor of plaintiff for the amount of its claim with costs, *i.e.* **US $102,223.84**,
and that a judgment of condemnation and sale be entered against the property arrested
and attached herein in the amount of plaintiff's claim, plus costs to be paid out of the
proceeds thereof; and

D.      That plaintiff has such other and further relief as the Court may determine
to be just and proper under the circumstances.

Dated: Port Washington, New York
       January 18, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        BEZON SHIPPING LTD.

                        By:     _____
                                Owen F. Duffy (OD-3144)
                                George E. Murray (GM-4172)

12

366 Main Street
Port Washington, New York 11050
Tel:   (516) 767-3600
Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
BEZON SHIPPING LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BEZON SHIPPING LTD.,

                              Plaintiff,

                                                        07  CV  11363 (SHS)

              v.

                                                        **VERIFICATION**

INTERNATIONAL OIL OVERSEAS INC.,
also known as IOOI,
TARAZONA SHIPPING CO., S A,
QUOIN ISLAND MARINE WL,
GRESHAM WORLD SHIPPING, and
BAKRI TRADING COMPANY INC.,

                              Defendants.
-------------------------------------------------------------X
STATE OF NEW YORK      :
                       : ss.
COUNTY OF NASSAU       :

       BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

       1.       That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, BEZON SHIPPING LTD., herein;

       2.       That he has read the foregoing complaint and knows the contents thereof;

3.      That he believes the matters to be true based on documents and
information obtained from employees and representatives of the Plaintiff through its
agents, underwriters and attorneys; and

4.      That the reason that this verification was made by deponent and not by the
Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could
not be obtained within the time constraints presented by the circumstances of this case.


Dated:  Port Washington, New York
        January 18, 2008

                                    CHALOS, O'CONNOR & DUFFY, LLP
                                    Attorneys for Plaintiff,
                                    BEZON SHIPPING LTD.

                    By:             _____
                                    Owen F. Duffy (OD-3144)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel:  (516) 767-3600
                                    Fax: (516) 767-3605
                                    ofd@codus-law.com


Subscribed and sworn to before me this
January 18, 2008

_____
Notary Public, State of New York

        GEORGE E. MURRAY
    Notary Public, State of New York
        No. 02MU6108120
      Qualified in New York County
   Commission Expires April 12, 2008

2